UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                                CIVIL ACTION

VERSUS                                             NO. 09-7637

RODNEY J. STRAIN, JR., GREGORY                     SECTION "C" (4)
LONGINO, (UNKNOWN) REAGAN

## ORDER AND REASONS

Before the Court are several motions filed by *pro se* plaintiff, Andrew David Wetzel, contemporaneously with the filing of his *in forma pauperis* complaint in this case: Motion for Entry of Default (Rec. Doc. No. 5); Motion to Compel Defense Counsel to Hold Telephone Conference (Rec. Doc. No. 6); Motion for Preliminary Injunction and Temporary Restraining Order (Rec. Doc. No. 7); Motion to Set Cause for Trial (Rec. Doc. No. 9); and Plaintiff's Request for Production of Documents (Rec. Doc. No. 10). After a review of the motions, the Court finds them to be premature and otherwise without merit.

Wetzel's underlying complaint alleges that he sustained injuries to his head while being transported in a vehicle by a deputy. He claims that he was shackled, and was not buckled into his seat. As a result, when the deputy was forced to make a sudden stop, Wetzel hit the glass partition and cut his head.

Wetzel's pending motions were filed at the same time as his complaint, on December 18, 2009. The Motion for Entry of Default was unnecessarily filed before service could be made on any of the defendants. It is premature and is denied.

Likewise, the motion seeking to compel defense counsel to conduct a telephone settlement conference also was filed prior to service or enrollment of defense counsel. It too is premature and is denied.

Furthermore, this matter cannot be set for trial until the defendants have been served and issues have been joined. Wetzel's motion to set the case for trial is premature.

Wetzel's Request for Production of Documents is also premature and without merit. The plaintiff should present any discovery requests to the appropriate party, or non-party, in accordance with Fed. R. Civ. P. 34 and/or Fed. R. Civ. P. 45. To the extent he intends this motion as one to compel discovery from a defendant, none of whom have been served to date, the Local Rules of this court require him to submit with his motion copies of all documentary evidence, including the subject discovery requests, necessary for the Court to properly address the motion. *See* L.R. 7.4. He has not attached copies of any prior request or opposition thereto, nor has he indicated any attempt to obtain the information directly from the appropriate party.

In addition, Fed. R. Civ. P. 37(a)(2)(A) and the local rules of this court require the plaintiff to provide a certification that he conferred with opposing counsel to amicably resolve any discovery dispute and state why they were unable to agree or stating that opposing counsel refused to so confer after reasonable notice. L.R. 37.1E. He has not included a certification of this kind nor has he indicated in any other manner that he attempted to amicably resolve the discovery issues alleged before filing this motion. Thus, he is not entitled to a court order to compel discovery responses.

Finally, Wetzel moves for an order to have the defendants show cause why a restraining order should not be issued directing the defendants to stop transporting inmates without seatbelts and to stop reckless driving. He did not include any argument in support of the request or basis for issuance of such an order. A temporary restraining order may only be granted under Fed. R. Civ. P. 65(b) if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause on the opponent; and (4) the injunctive relief will not do disservice to the public interest. *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987); *Bergquist v. FYBX Corp.*, 2003 WL 21488117 (E.D. La. 2003) (Vance, J.). Wetzel has failed to present any argument or allegation in the motion to meet any of these required factors. This motion also is denied. Accordingly,

**IT IS ORDERED** that Wetzel's **Motion for Entry of Default (Rec. Doc. No. 5)**, **Motion to Compel Defense Counsel to Hold Telephone Conference (Rec. Doc. No. 6)**, **Motion for Preliminary Injunction and Temporary Restraining Order (Rec. Doc. No. 7)**, **Motion to Set Cause for Trial (Rec. Doc. No. 9)**, and **Plaintiff's Request for Production of Documents (Rec. Doc. No. 10)** are **DENIED**.

New Orleans, Louisiana, this 29th day of December, 2009.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**