UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO: 09-7637 |
| RODNEY J. STRAIN, JR., GREGORY LONGINO, (UNKNOWN) REAGAN | SECTION: "C"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual Summary

The plaintiff, Andrew David Wetzel ("Wetzel"), is an inmate incarcerated in the St. Tammany Parish Jail ("STPJ") in Covington, Louisiana. He filed this *pro se* and *in forma pauperis* complaint against St. Tammany Parish Sheriff Rodney Jack Strain, Jr., Warden Gregory Longino, and Deputy Reagan. He alleges that on October 11, 2009, he was injured while being transported by Deputy Reagan without a seatbelt. He claims his injuries to be the result of the deputy's reckless and callous indifference to his safety.

Wetzel further alleges that he could not wear a seatbelt because of he was shackled and handcuffed. He also complains that the deputy exceeded the speed limit and had to stop suddenly. Wetzel claims that he hit the glass partition. As a result, he sustained a small laceration on his forehead and got a headache. He also claims that afterward, he suffered with pain, depression, anxiety, and emotional distress. He also incurred medical expenses.

## II.   Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

    **A.     Claims Against Strain and Longino**

Wetzel has named Sheriff Rodney Jack Strain, Jr. and Warden Gregory Longino because he was injured by a deputy in their employ while in custody of the STPJ. Under a broad reading, it appears that Wetzel seeks to hold Strain and Longino responsible for the actions of Deputy Reagan.

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference demonstrating that "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991)).

Wetzel does not allege that the Sheriff or the Warden were present for, or personally involved in, the experience about which he complains. In fact, Wetzel has not alleged any action or inaction by either of these defendants. He also has not alleged that he suffered any injury as a

3

result of any directive, supervised training or activity, or other policy set forth by the Sheriff or Warden which would create vicarious liability for this episodic incident. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Wetzel simply names Sheriff Strain and Warden Longino because of their positions as parish sheriff and warden. Thus, his § 1983 claims against Sheriff Strain and Warden Longino are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### B. <u>Claim Against Deputy Regan</u>

Wetzel also claims that he suffered physical and mental injuries as a result of Deputy Reagan's reckless disregard for his safety through his poor driving and his failure to place a seatbelt on Wetzel before transporting him.

Section 1983 "is not itself a source of substantive rights, but [rather] merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotations and citations omitted). The first inquiry in a section 1983 suit, therefore, is "to isolate the precise constitutional violation with which the defendant is charged." *Id*. at 394; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

In order to properly state a claim under the Eighth Amendment, a plaintiffs must show that the risk of which they complain is a risk that today's society would not choose to tolerate. *See Helling v. McKinley*, 509 U.S. 25, 36 (1993). "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825,

835 (1994) (internal quotations omitted). In addressing the sufficiency of a plaintiff's nearly identical factual allegations arising out of a similar incident at issue here, the United States Tenth Circuit Court of Appeals wrote that "[a]s praiseworthy as buckling up may be, we hold that failure to seatbelt an inmate does not violate the Constitution." *Dexter v. Ford Motor Co.*, 92 F. App'x 637 (10th Cir. 2004).[1] Even when an officer is found to be driving recklessly, the claim does not rise to an Eighth Amendment violation. *Clayton v. Ford Motor Co.*, No. 01-595, 2005 WL 3088469, at *2 (D. Utah Nov. 17, 2005).[2]

To state a claim under the Fourteenth Amendment, a plaintiff must allege facts sufficient to support a finding that the defendant acted with deliberate or reckless intent in a manner that shocks the conscience. *Liebson v. N.M. Corr. Dep't*, 73 F.3d 274, 276 (10th Cir. 1996). An act is reckless when it reflects " wanton or obdurate disregard or complete indifference to risk." *Medina v. City & County of Denver*, 960 F.2d 1493 (10th Cir. 1992); *see also Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) ("the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.")

Otherwise, it is well settled that such acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Furthermore, allegations amounting to mere negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross

---

[1]Although this was an unpublished opinion, the Court finds the analysis therein to be persuasive.

[2]S*ee* footnote 1.

5

negligence in permitting a gas leak to occur); *Hare v. City of Corinth*, 74 F.3d 641-42, 646 (5th Cir. 1996); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indep. Sch. Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

In this case, Wetzel alleges that Reagan acted recklessly and in disregard to his safety, because he drove too fast. Wetzel does not allege that Reagan acted with any level of intent or indifference which would give rise to a constitutional violation under either the Eighth or Fourteenth Amendments. Thus, his § 1983 claims against Deputy Reagan are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Wetzel's § 1983 claims against the defendants, Sheriff Rodney Jack Strain, Jr., Warden Gregory Longino, and Deputy Reagan, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 26th day of July, 2010.

                                          **KAREN WELLS ROBY**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.