## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDREW DAVID WETZEL**                        CIVIL ACTION

**VERSUS**                                                       NO: 09-7637

**RODNEY J. STRAIN, JR., GREGORY**        SECTION: "C"(4)
**LONGINO, (UNKNOWN) REAGAN**

### ORDER AND REASONS

Before the Court is a **Motion and Memorandum in Support of Motion for Order of T.R.O. and Preliminary Hearing (Rec. Doc. No. 23)** and **Memorandum of Law in Support of Order to Show Cause and a TRO (Rec. Doc. No. 48)** filed by the plaintiff, Andrew David Wetzel. This is Wetzel's second such motion since the filing of the captioned action. The Court has not required the defendants to respond because the Court can resolve the matter without a response and without a hearing.

### I.      Facts and Argument

Wetzel is housed in St. Tammany Parish Jail in Covington, Louisiana. He filed this *pro se* and *in forma pauperis* complaint against St. Tammany Parish Sheriff Rodney Jack Strain, Jr., Warden Gregory Longino, and Deputy Reagan. He alleges that on October 11, 2009, he was injured while being transported by Deputy Reagan without a seatbelt. He claims his injuries to be the result of the deputy's reckless and callous indifference to his safety.

Wetzel further alleges that he could not wear a seatbelt because of he was shackled and handcuffed. He also complains that the deputy exceeded the speed limit and had to stop suddenly. Wetzel claims that he hit the glass partition. As a result, he sustained a small laceration on his forehead and got a headache. He also claims that afterward, he suffered with pain, depression, anxiety, and emotional distress. He also incurred medical expenses.

In the instant motion, he contends that defendants do not allow inmates to wear seatbelts during transport. Under a broad reading, he claims this exposes him and other inmates to danger and causes immediate and irreparable injury and damage. In his supplemental brief, he also alleges that money will not suffice to prevent the defendants from engaging in this illegal practice. He seeks an order from the Court requiring the defendants to place inmates in seatbelts.

## II.    Standard of Review

A temporary restraining order may only be granted under Fed. R. Civ. P. 65(b) if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause on the opponent; and (4) the injunctive relief will not do disservice to the public interest. *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987); *Bergquist v. FYBX Corp.*, No. 02-722, 2003 WL 21488117, at *1 (E.D. La. 2003) (Vance, J.).

Furthermore, Fed. R. Civ. P. 65(b) also provides that the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only when "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;

and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

### III.   <u>Analysis</u>

In the instant case, Wetzel has failed to meet the requirements under Fed. R. Civ. P. 65.  He has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him in the future if the order is not issued.  He also has failed to certify his efforts to notify the defendants about the filing of this motion.

This matter involves an alleged accidental personal injury that was caused while he was riding in a prison vehicle.  The facts as alleged in the complaint and in the motion are insufficient to suggest that the claim includes one in which irreparable harm will result or that Wetzel is facing imminent harm.  The concept of irreparable harm refers to "harm that might occur . . . if the preliminary injunction is not granted." *Mountain Med. Equip., Inc. v. Healthdyne, Inc*., 582 F. Supp. 846, 848 (D. Col. 1984).  In addition, a restraining order should only be issued when "a substantial threat of harm to the movant . . . cannot be compensated by money." *Harvey Barnett v. Shidler*, 143 F. Supp.2d 1247, 1255 (D. Col. 2001).

Wetzel has not presented any well-pleaded facts to show, or facts from which it can be inferred, that irreparable harm has been demonstrated.  Wetzel has not even asserted that he is likely to be transported in the same manner again.  Furthermore, any injury he has or may sustain for which the defendants are liable can be compensated monetarily.  Thus, the potential for injury, which is wholly contingent upon him being transported by the defendants, does not constitute "irreparable harm."  Accordingly,

**IT IS ORDERED** that Wetzel's **Motion and Memorandum in Support of Motion for Order of T.R.O. and Preliminary Hearing (Rec. Doc. No. 23)** and **Memorandum of Law in Support of Order to Show Cause and a TRO (Rec. Doc. No. 48)** are **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**